# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 5295 | **DATE** | 12/21/2010 |
| **CASE TITLE** | Egan Marine Corp., et al. vs. Great Am. Ins. Co. of NY | | |

**DOCKET ENTRY TEXT**

As stated below, the Court grants plaintiffs' motion for new trial or to alter the judgment [# 175] only with regard to the issue of prejudgment interest and otherwise denies the motion. The Court grants the motion of Dirk Ehlers to withdraw [# 187]. The judgment entered on 2/2/10 is vacated, as are the Court's findings of fact and conclusions of law. The Court is issuing this date revised findings of fact and conclusions of law. The Court directs plaintiffs to update their prejudgment interest calculation through 1/4/11 and to submit this calculation by no later than 12/30/10. The Court will enter an amended judgment thereafter.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

The Court entered judgment in this case on 2/2/10 after a bench trial. Plaintiffs thereafter moved for a new trial or to amend the judgment. The Court apologize for its delay in ruling on the motion; the matter fell through the cracks, and there is no good excuse for this.

Plaintiffs make seven arguments, which the Court addresses in turn.

1.      The Court acknowledges that it erred in citing plaintiffs' exhibit 10, which plaintiff initially offered but later withdrew. The error, however, had and has no effect on the outcome of the case. The Court noted at page 11 of its findings of fact and conclusions of law that after the EMC 423 was taken to the SWS yard, the IEPA insisted that the CSO residue be removed from the barge, which required further work by EMC / SWS. The Court then stated, at pages 11-12, "They performed some of this work, through approximately August 2005. *See* Pl. Ex. 10 (admitted over objection) [sic]."

The Court returned to this topic at page 30 of its findings of fact and conclusions of law, when discussing whether, after June 7, 2005, plaintiffs were still exposed to liability under OPA90 or its Illinois equivalent because of the residue that remained on board the EMC 423. The Court then stated:

> The complaint the IEPA filed in state court about three months later, at the end of August 2005, referenced only the actual spills and not any ongoing threat of further contamination. *See* Def. Ex. 53. There is no direct evidence regarding why the IEPA's complaint made no reference to the possibility of additional contamination. Based on the evidence submitted, however, the Court infers that the offloading had been completed by that date and that enough cleanup had been done to eliminate a viable threat of further contamination of the canal. *See generally* Pl. Ex. 10 (documents regarding disposal of waste

| STATEMENT |
|---|

taken from the EMC 423).

Because it appears that plaintiffs were no longer exposed to OPA90 or state-equivalent liability as of August 31, 2005, they have failed to show that the alleged cost of storing the EMC 423 at the SWS yard or further cleanup after that date is covered under the GAIC policy.

The reference to plaintiff's exhibit 10 was erroneous. But it was immaterial. Plaintiffs bore the burden of proving that they remained exposed to OPA90 or state-equivalent liability as of the dates on which they performed work for which they sought recovery from the defendant. The fact that the IEPA's complaint filed at the end of August 2005 made no reference to any ongoing threat of further contamination was sufficient to support a finding that plaintiffs were no longer exposed to OPA90 or state-equivalent liability after that date. Plaintiffs bore the burden of proving that they faced such exposure after that date, and they failed to sustain the burden. That is so even without consideration of their exhibit 10. The Court is issuing, in conjunction with this order, revised findings of fact and conclusions of law that eliminate the references to that exhibit.

2. Plaintiffs' argument that defendant must pay for future clean-up of the EMC 423 is either a rehash of old arguments or a completely new argument, neither of which is an appropriate basis for reconsideration.

3. Plaintiffs' argument that Great American ratified an agreement to perform work at specified rates is a rehash of an argument that the Court has previously considered and rejected. It is not a proper basis for reconsideration.

4. The same is true of plaintiffs' estoppel argument. In any event, plaintiffs have mischaracterized the Court's findings and conclusions by quoting them out of context. What the Court said at page 27 of its original findings and conclusions was that *if* plaintiffs had provided certain information or evidence, defendant *would have* been estopped from objecting. But the Court went on to say, at page 28 of the findings and conclusions, that plaintiffs *had not* provided this information or evidence. Thus it mischaracterizes the decision to contend, as plaintiffs do, that "[t]his Court has found that Great American should be estopped." Pl. Mem. at 9.

5. Plaintiffs' argument that defendant has misrepresented that the policy is exhausted is a rehash of a point the Court previously considered and rejected. It is not an appropriate basis for reconsideration.

6. Defendant concedes that the judgment should be amended to provide for prejudgment interest. The Court agrees that amendment is appropriate, but only for the elements of damages actually awarded, not (as plaintiffs argue) for the post-August 31, 2005 work, which the Court declined to award. Plaintiffs are directed to update their prejudgment interest calculation through January 4, 2011 and to submit this calculation by no later than December 30, 2010. The Court will enter an amended judgment thereafter.

Post-judgment interest is provided pursuant to statute, 28 U.S.C. § 1691, and thus need not be included in the judgment. Plaintiffs are not entitled to attorney's fees, because the Court has found that defendant did not act in bad faith. *See* Findings of Fact and Conclusions of Law at 33.

7. Plaintiffs rely on newly-cited cases for the proposition that the Court should find in their favor on their bad faith claim. *See* Pl. Mem. at 13-14. The argument has been forfeited to the extent that plaintiffs failed to provide this law while the Court had the case under advisement. Assuming for purposes of discussion that the newly-cited cases apply, however, they do not alter the result. The Court specifically

| **STATEMENT** |
|---|
| found and concluded that defendant acted in good faith.  *See* Findings of Fact and Conclusions of Law at 33. |